°[No. 956.]

## THE GOLDEN FLEECE GOLD AND SILVER MINING COMPANY, Respondent, *v.* THE CABLE CONSOLIDATED GOLD AND SILVER MINING COMPANY, Appellant.

STATEMENT MUST BE SERVED IN TIME.—A statement, on motion for new trial, must be served within the statutory time, or it will not be considered on appeal.

IDEM—EVIDENCE AS TO SERVING MUST BE PRODUCED IN DISTRICT COURT.— The supreme court, on appeal, has no right to consider any evidence as to the time when the statement on motion for new trial was served, except such as was produced in the district court and made a part of the record of the case.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The facts appear in the opinion.

*C. H. Belknap*, for Appellant.

*R. M. Clarke, and N. Soderberg,* for Respondent.

By the Court, BEATTY, C. J.:

This case was formerly here on appeal, and was remanded for a new trial.   (12 Nev. 312.)

A re-trial in the district court has again resulted in a verdict and judgment for the plaintiff, and the defendant again appeals from the judgment and from the order overruling its motion for a new trial.

The respondent, at the beginning of the first term after the filing of the transcript on this appeal, moved to strike out the statement on motion for a new trial, and (in case that motion was granted) to dismiss the appeal.

The first ground of the motion to strike out was, that the statement was not served in time.

The law requires the statement to be filed and served on the same day.   (Pr. Act, sec. 197.)   In this case it was filed on July 1, which was the last day for filing, and served, as appears by plaintiff's acknowledgment of service indorsed thereon, the following day.   No amendments were proposed by the respondent, and the district judge, in passing upon the motion for new trial, found as a fact that the statment was not filed in time.

This being the state of the record, counsel for appellant asked leave to supply proof in this court that the statement was in fact served on the first day of July.   We permitted him to submit such proofs, and in the mean time overruled the motion to strike out.

Upon further consideration we are satisfied that we have no right to consider any evidence as to the time when the statement was served, except such as was produced in the district court, and made a part of the record of the case. (See 31 Cal. 108; 36 Id. 521.)

If, therefore, the proofs submitted by the parties in this court had been sufficient to satisfy us that this statement was, in fact, served on July 1, we should have been obliged to disregard them.   But they do not.   On the contrary, they tend to confirm the truth of the record, and the finding

of the district court; and, for both reasons, the motion to strike out must prevail.

The statement being out of the case, and no error appearing in the judgment roll, the judgment and order appealed from must be affirmed.

It is so ordered.